UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                                        **Case No. 8:22-mj-1699-AAS**

**CHRISTOPHER FROEHLICH**
                                                                        /

## ORDER OF DETENTION

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was conducted on July 15, 2022. The defendant is charged in a criminal complaint with production, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251(A), 2252(a)(2) and 2252(a)(4). The defendant requested a preliminary hearing and, based on the evidence presented, the court concluded the government met its burden of establishing probable cause. Because the charged offense involves a victim who was a minor there is a statutory rebuttable presumption that no condition or combination of conditions will reasonably assure that the defendant is not a risk of flight or danger to the community. *See* 18 U.S.C. § 3142(e)(3)(E).

The government requested that the defendant be detained based upon the statutory presumptions in this case, as well as other aggravating factors.

1

At the detention hearing, the defendant did not introduce sufficient evidence to rebut the presumption of detention.

Even if the defendant could rebut the presumption, I find that the credible testimony and information submitted at the hearing establishes, by a preponderance of evidence, that no conditions of release, financial or otherwise, will reasonably assure the defendant's appearance as required and, by clear and convincing evidence, that no conditions of release, financial or otherwise, will reasonably assure the safety of the community, in that: (1) the defendant is charged with possession, distribution, and production of child pornography of a victim he befriended online after misrepresenting his age and background; (2) the evidence against the defendant is strong; (3) he created fake profiles of a teenager to contact the victim; (4) he posted pornographic pictures of the minor victim on the internet and sent them to her family and friends; (5) he is facing a lengthy prison sentence if convicted of the charges; (6) defendant currently resides with his mother, sister, and his 13 year old nephew and his mother will not allow him back at the residence or otherwise assist him with conditions of release; (7) the defendant has minimal financial ties to the community due to his current employment being recent (one month) and limited (only five hours per week); and (8) his criminal history contains several

2

violations of probation and also prior charges for voyeurism and harassing phone calls. The defendant's offer to reside in a hotel and electronic monitoring is unconvincing in light of the factors set forth above.

Accordingly, as stated orally at the conclusion of the July 15 hearing, I hereby order the defendant **DETAINED**.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On Order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**Ordered** this 21st day of July, 2022.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge