UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                            CASE NO. 8:22-cr-280-VMC-SPF

CHRISTOPHER FROEHLICH

**SENTENCING MEMORANDUM**

The United States files this sentencing memorandum requesting that this Court sentence the Defendant, Christopher Froehlich ("Froehlich"), to a high-end guidelines sentence of 1080 months' imprisonment. In support thereof, the United States submits as follows:

I.   **Background**

From December 2017 continuing through June 2020, Froehlich used various online personas to pretend to be a teenage boy, approximately 15 years old, despite being approximately 35 years old in December 2017.

Froehlich used the persona "Kevin White" ("White") to communicate with 15-year-old victim E.S. White purported to be 15 years old. The two talked for several weeks, and exchanged clothed photos, before entering into a dating relationship. Froehlich sent photos of a boy who appeared to be approximately 15 years old when purporting to be Kevin White. White and E.S. communicated over a variety of social media platforms. Within one week of dating, White started requesting child sexual abuse material from E.S, which E.S. produced to make him happy. During their

1

relationship, White live video chatted with E.S. and instructed her to masturbate during the call. E.S. initially said no but White became persistent and aggressive with her. E.S. eventually masturbated during their live video chats and indicated that she knew White took screenshots of the masturbation during the live video chats because she could hear the screen capture sound when a screenshot was being taken and White later sent E.S. an image of her masturbating with a dildo, which was taken from one of their calls. E.S. never saw White during the live video chats as White also told E.S. that his camera was broken.

Any time E.S. tried to reduce the production of child sexual abuse material that White was requesting, White became aggressive, confrontational, or threatening. PSR ¶ 9-10. On various occasions, White threatened to post E.S.'s child sexual abuse images to social media platforms. White did actually send E.S.'s child sexual abuse images to her new boyfriend. White also created social media accounts in E.S.'s name and posted her child sexual abuse images to those social media accounts. A forensic review of Froehlich's phone revealed he had E.S.'s birthdays recurring each year in his calendar, from 18 years old until 30 years old, and also noted E.S.'s prom and graduation dates.

On July 15, 2022, Froehlich was arrested by the FBI pursuant to a federal criminal complaint based on the disclosures by E.S. Post-*Miranda*, Froehlich admitted to using the online persona "Kevin White," finding photos online to send E.S. to pose as White, asking for nude images from E.S., asking E.S. to have sexual intercourse with her dog during a live video chat, threatening E.S. to post her child

sexual abuse material to social media and actually doing so, and to taking screenshots of E.S. while she was masturbating during their live video chats. Froehlich also admitted to using the persona "Chris Kemp."

In the present case, on July 19, 2023, Froehlich pleaded to Counts One through Three, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e).

## II. Presentence Investigation Report

On October 4, 2023, the United States Probation Office issued its Final Presentence Investigation Report (PSR). Doc. 69. Based upon a total offense level of 42 and a criminal history category of II, the guideline imprisonment range is 360 months to life. PSR ¶ 76. However, the statutorily authorized maximum sentence of 1080 months is less than the maximum applicable guideline range; therefore, Froehlich's guideline range for the underlying offense is 360 months to 1080 months. PSR ¶ 76. U.S.S.G. § 5G1.2(b) and (d). Froehlich's applicable period of supervised release is five years to life per count. PSR ¶ 78, 79.

## III. Argument for 1080 Months' Imprisonment

A guidelines sentence of 1080 months imprisonment is necessary due to the history and characteristics of Froehlich, and for both deterrence of these crimes and for the protection of the public against him. *See* 18 U.S.C. § 3553(a). The United States recognizes that a sentencing court may not presume that a sentence within the advisory guideline range is reasonable; however, the guidelines remain a significant and pivotal component of the sentencing process. The Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in

light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter. *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). A consideration of these factors warrants a guideline sentence.

### A.      Nature and Circumstances of the Offenses

The nature and circumstances of Froehlich's offenses are, taken alone, awful and detrimental to victims of child exploitation. Froehlich's coercion and threats to at least three minor female children across social media platforms as he produced child sexual abuse material of the victims represents his callousness towards the victims of child exploitation. In 2019, when Froehlich was approximately 37 years old and E.S. was approximately 16 years old, Froehlich demanded E.S. answer his messages and threatened to post her child sexual abuse material on social media if she did not answer him. PSR ¶ 10. He also called her a "slut" on multiple occasions during his texts to her on July 13, 2019, and confirmed he posted two of her child sexual abuse images to social media. *Id.* Froehlich also created social media accounts in E.S.'s

name and posted her child sexual abuse material to those accounts, for friends and family to see. PSR ¶ 11. When E.S. tried to end the relationship, Froehlich did not stop his predatory behavior, instead he created social media accounts and used various phone numbers to contact E.S. against her will, continued to threaten to distribute her child sexual abuse material, and did actually distribute her child sexual abuse material to her new boyfriend. PSR ¶ 12. Froehlich admitted to all this behavior post-*Miranda*, without any additional comments of remorse or apology. PSR ¶ 13.

E.S. was not the only minor child that was the victim of Froehlich's actions. Froehlich lied to a 13-year-old female child about his name and age and eventually convinced the child to produce and send him child sexual abuse material when she was between 15 and 16 years old. PSR ¶ 32. He then threatened to send the images to this victim's parents or post them on social media if she did not continue to produce more child sexual abuse material for him. *Id*.

Froehlich also lied about his name and age to a 15-year-old female child and very early into their "relationship" he instructed this female child on the specific positions and props he would like her in when producing child sexual abuse material for him. PSR ¶ 33.

Froehlich preyed upon multiple female children, all of whom were at least 20 years younger than him, to have them produce child sexual abuse material for him. He coerced them through lies of who he was and what he looked like and made them feel like they were in a normal teenage relationship. He used that established trust

5

against the children in his demands for them to produce more child sexual abuse material. For one of the victims, he threatened to send her child sexual abuse material to her parents if she did not continue to produce more sexually explicit images and videos for him. For E.S., he actually did send her child sexual abuse material to her new boyfriend and publish her child sexual abuse material on social media platforms under accounts he created in her name. Froelich's malicious behavior in extorting children to produce child sexual abuse material is dangerous to the physical and mental well-being of all children in society. This behavior is consistent with such actions that often lead teenagers to committing suicide to avoid the publication of their child sexual abuse images and videos. Thankfully, that was not the end-result in this case with any of the known victims, but it does not take away the seriousness of Froehlich's actions towards innocent children.

The facts of this case and Froehlich's conduct demand a guidelines sentence of 1080 months imprisonment. Froehlich demonstrated a pattern of violating the law without remorse by continuing to produce child sexual abuse material through extortion and threats.

    **B.**        **History and Characteristics of the Defendant**

Froehlich's history and characteristics also weigh in favor of a 1080-month imprisonment sentence. Froehlich's criminal history represents a man who is a danger to the safety of society for victims of all ages and a clear disregard for the law. In 2008, Froehlich was arrested and charged with Loitering and Prowling when he was caught peering into a window at a place, time or manner not usual for law

...

abiding circumstances, under circumstances that warranted a justifiable and reasonable alarm for immediate concern for the safety of persons or property in the vicinity. PSR ¶ 36.

In 2009, Froehlich was arrested and ultimately convicted of Voyeurism, Criminal Mischief, and Trespass after he was caught looking into the bathroom window of a joining apartment within his complex to secretly observe the victim while he showered. PSR ¶ 38. Froehlich tried to open the window to gain better access and view of the victim showering. *Id*. It was noted in that police investigation that there had been problems with Froehlich peeping into other windows at the complex. *Id*.

In 2010, Froehlich was convicted of Trespass and Voyeurism after he was arrested for opening a window and moving blinds aside to watch a woman in her shower. PSR ¶ 37. Froelich admitted to trying to the conduct in an attempt to see the woman showering. *Id*.

A sentence of 1080 months imprisonment is necessary to restore public confidence and respect for our laws and to address Froehlich's continuous exploitive behavior.

    **C.**    **Seriousness of the Crime, Promoting Respect for the Law, and the Need for Just Punishment**

As the Eleventh Circuit explained in *United States v. Irey*: "the greater the harm the more serious the crime, and the longer the sentence should be for the punishment to fit the crime." 612 F.3d 1160, 1206 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1813 (2011). "Child sex crimes are among the most egregious and despicable of societal

7

and criminal offenses…" *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (discussing how courts have upheld lengthy sentences in cases involving child sex crimes as substantively reasonable). Congress has expounded that the "just desserts" concept in sentencing is a means of reflecting the "gravity of the defendant's conduct," as well as the "harm done or threatened by the offense." S.Rep. No. 98-225, at 75-76, 1984 U.S.C.C.A.N. 3258-59. Because "[t]he seriousness of the crime varies directly with the harm it causes or threatens…" this Court should impose the guidelines sentence. *See Irey*, 612 F.3d at 1206.

Froehlich's conduct over a multi-year period shows he has no respect for the law. He persisted in his child exploitation material addiction, distributing it on social media platforms and threating his victims in order to get them to continue producing more child sexual abuse images and videos for him. The only way to promote respect for those laws in this case and help restore that confidence is to sentence Froehlich to 1080 months imprisonment.

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *See id*.

The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class…" *Smith v. Doe*, 538 U.S. 84, 103 (2003). Froehlich fits well within that class. His pattern of sexual exploitation of minors evidences a high probability of recidivism. *See, e.g.*, *United*

*States v. Pugh*, 515 F.3d 1179, 1201 (11th Cir. 2008) ("sex offenders have appalling rates of recidivism and their crimes are under-reported."); *United States v. Allison*, 447 F.3d 402, 405–06 (5th Cir. 2006) ("Congress explicitly recognized the high rate of recidivism in convicted sex offenders, especially child sex offenders."). A strong need exists to protect children in the community from Froehlich.

### IV. Conclusion

Froehlich's freedom and autonomy are incompatible with the safety of children in our community. A guidelines sentence of 1080 months imprisonment is required to reflect the seriousness of Froehlich's crimes, provide just punishment for those crimes, protect the children in the community and promote respect for the law.

    Respectfully submitted,

    ROGER B. HANDBERG
    United States Attorney

By: */s/ Abigail K. King*
    Abigail K. King
    Assistant United States Attorney
    Florida Bar No. 294963
    400 N. Tampa Street, Ste. 3200
    Tampa, FL 33602
    Phone:  (813) 274-6000
    Fax:    (813) 274-6103
    Email: Abigail.King@usdoj.gov

U.S. v. Froehlich                                       Case No. 8:22-cr-280-VMC-SPF

### CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Vanessa King, Esq.

/s/ Abigail K. King
Abigail K. King
Assistant United States Attorney
Florida Bar No. 104887
400 N. Tampa Street, Ste. 3200
Tampa, FL 33602
Phone:  (813) 274-6000
Fax:    (813) 274-6103
Email: Abigail.King@usdoj.gov